# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WILLIAM McGILL, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | No. 1:15-cv-00217-TWP-DKL |
| v. | ) ) | |
| RALPH HAKE, DAVID F MELCHER, JOHN J. HAMRE, PAUL J. KERN, HERMAN E. BULLS, PATRICK MOORE, MARK L. REUSS, ROBERT DAVID YOST, BILLIE I. WILLIAMSON, HARRIS CORPORATION, HARRIS COMMUNICATION SOLUTIONS (INDIANA), INC., | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ENTRY ON JURISDICTION

It has come to the Court's attention that Plaintiff's Class Action Complaint fails to allege all of the facts necessary to determine whether this Court has subject matter jurisdiction over this case. The Class Action Complaint alleges that this Court has jurisdiction based upon diversity of citizenship. However, the Class Action Complaint fails to sufficiently allege the amount in controversy component for diversity jurisdiction in a class action. Additionally, the Class Action Complaint fails to sufficiently allege the citizenship of Defendant Harris Communication Solutions (Indiana), Inc. Citizenship is the operative consideration for jurisdictional purposes. *See Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("residence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction").

The Plaintiff has initiated this lawsuit by filing his Class Action Complaint (Filing No. 1). The Class Action Complaint alleges that "the amount in controversy exceeds $75,000, exclusive

of interests and costs," ([Filing No. 1 at 5](#)), but the amount in controversy in a class action must exceed "$5,000,000.00, exclusive of interest and costs." 28 U.S.C. § 1332(d). While the Class Action Complaint alleges that "the Proposed Transaction is valued at $4.75 billion," ([Filing No. 1 at 5](#)), the jurisdictional statement does not allege the correct threshold amount for diversity jurisdiction.

Additionally, the Class Action Complaint alleges that Defendant Harris Communication Solutions (Indiana), Inc. is an Indiana corporation, but it does not allege the principal place of business of this Defendant ([Filing No. 1 at 7](#)). The citizenship of a corporation is "both the state of incorporation and the state in which the corporation has its principal place of business." *Westfield Ins. Co. v. Kuhns*, 2011 U.S. Dist. LEXIS 138262, at *3 (S.D. Ind. Nov. 30, 2011).

Therefore, the Plaintiff is **ORDERED** to file a Supplemental Jurisdictional Statement that establishes the Court's jurisdiction over this case. This statement should specifically identify the correct threshold amount in controversy required for a class action in federal court and the amount in controversy in this action. This statement also should identify the citizenship of Defendant Harris Communication Solutions (Indiana), Inc. This Supplemental Jurisdictional Statement is due **14 days** from the date of this Entry.

**SO ORDERED.**

Date: 2/25/2015

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

James Piatt
PRICE WAICUKAUSKI & RILEY
jpiatt@price-law.com

William N. Riley
PRICE WAICUKAUSKI & RILEY
wriley@price-law.com