**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| WILLIAM MCGILL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>RALPH HAKE, DAVID F. MELCHER, JOHN J. HAMRE, PAUL J. KERN, HERMAN E. BULLS, PATRICK MOORE, MARK L. REUSS, ROBERT DAVID YOST, BILLIE I. WILLIAMSON, HARRIS CORPORATION, and HARRIS COMMUNICATION SOLUTIONS (INDIANA), INC.,<br><br>Defendants. | No. 1:15-cv-00217 |
| THE GEORGE LEON FAMILY TRUST, STEPHEN BALLWEBER, JESSE MALLINGER, and THE HOPPER FAMILY TRUST C/O JOSEPH R. HOPPER AND/OR SHIRLEY A. HOPPER, On Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>EXELIS INC., RALPH HAKE, DAVID F. MELCHER, JOHN J. HAMRE, PAUL J. KERN, HERMAN E. BULLS, PATRICK MOORE, MARK L. REUSS, R. DAVID YOST, BILLIE I. WILLIAMSON, HARRIS CORPORATION, and HARRIS COMMUNICATION SOLUTIONS (INDIANA), INC.,<br><br>Defendants. | No. 1:15-cv-00466 |

# STIPULATION AND [PROPOSED] CONSENT ORDER ESTABLISHING RESPONSIVE PLEADINGS DEADLINES, CONSOLIDATING ACTIONS, AND APPOINTING INTERIM LEAD PLAINTIFFS AND INTERIM CO-LEAD COUNSEL

WHEREAS, on February 12, 2015, Plaintiff William McGill filed a Class Action Complaint For Breach Of Fiduciary Duty in Case 1:15-cv-00217 (the "First Action");

WHEREAS, on March 20, 2015 Plaintiffs The George Leon Family Trust, Stephen Ballweber, Jesse Mallinger, and The Hopper Family Trust c/o Joseph R. Hopper and/or Shirley A. Hopper filed a Class Action Complaint For Breach Of Fiduciary Duty And Individually For Violations Of Sections 14(a) And 20(a) Of The Securities Exchange Act Of 1934 in Case No. 1:15-cv-00466 (the "Second Action");

WHEREAS, both the First Action and Second Action (together, the "Actions") arise out of the same set of facts involving the proposed merger of defendants Exelis Inc. and Harris Corporation;

WHEREAS, counsel for defendants have agreed to accept service of the complaints in the Actions without waiving any defenses other than with respect to sufficiency of service of process;

WHEREAS, Plaintiffs hereby designate the complaint filed in the Second Action as the Operative Complaint;

WHEREAS, defendants need not respond to the complaint filed in the First Action;

WHEREAS, defendants shall have up to 45 days from the date Plaintiffs advise them a response is necessary to respond to the Operative Complaint;

NOW, THEREFORE, the parties hereby stipulate and agree, by and through their undersigned counsel, that:

## SERVICE AND RESPONSIVE PLEADINGS DEADLINES

1. Defendants have accepted service of the complaints filed in the Actions through their counsel without waiving any of their defenses other than with respect to sufficiency of service of process.

2. Defendants shall have up to 45 days from the date Plaintiffs advise them a response is necessary to respond to the Operative Complaint.

## CONSOLIDATION

3. Pursuant to Fed. R. Civ. P. 42(a), the Actions are hereby related and consolidated for all purposes including pre-trial proceedings and trial (the "Consolidated Action").

4. When a class action that relates to the same or similar subject matter, arises out of the same or similar transactions or events, and/or raises the same or similar claims as the Consolidated Action or any of the actions subsumed therein (a "Related Action") is subsequently filed in, removed to, or transferred to this Court by any plaintiff, the Clerk of Court shall:

   a. file a copy of this Order in the separate file for such Related Action;

   b. mail a copy of this Order to the attorneys for the plaintiff(s) and any new defendant(s) in such Related Action; and

   c. make appropriate entry in the docket of the Lead Case No. 1:15-cv-00217 ("Master Docket").

5. This Order shall apply to the Actions and to each and every Related Action that is subsequently filed in, removed to, or transferred to this Court. Each such Related Action shall be consolidated with the Consolidated Action, and this Order shall apply thereto, unless a party with good cause objects to consolidation as provided herein, or any provision of this Order, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, by

filing an application for relief, and this Court deems it appropriate to grant such application for good cause shown.

6. Every pleading filed in the Consolidated Action, or in any separate action included herein, shall bear the following caption:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE EXELIS INC. SHAREHOLDER LITIGATION | ) ) ) ) ) | Lead Case No. 1:15-cv-00217 |
| | | MASTER FILE |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | ) ) ) ) ) | |

7. All papers filed by the parties and all Orders of this Court shall be entered into the Master Docket. A copy of this Order shall be placed in all dockets in the Actions. The Clerk of the Court is directed to close each of those dockets, other than the Master Docket.

## APPOINTMENT OF INTERIM LEAD PLAINTIFFS AND INTERIM CO-LEAD COUNSEL

8. Plaintiffs William McGill and Jesse Mallinger are appointed Interim Lead Plaintiffs for the Class ("Lead Plaintiffs") in the Consolidated Action.

9. Lead Plaintiffs' selection of Counsel is approved. The law firms of FARUQI & FARUQI, LLP and ROBBINS ARROYO LLP are appointed Interim Co-Lead Counsel in the Consolidated Action ("Co-Lead Counsel") and PRICE WAICUKAUSKI & RILEY, LLC is appointed as Interim Liaison Counsel in the Consolidated Action ("Liaison Counsel").

10. The law firms of RIGRODSKY & LONG, P.A., RYAN & MANISKAS, LLP, LEVI & KORSINSKY, LLP, and KAHN SWICK & FOTI, LLC are appointed members of Plaintiffs' Executive Committee (the "Executive Committee").

11. Defendants take no position with regard to the appointment of Lead Plaintiffs, Co-Lead Counsel, Liaison Counsel, and the Executive Committee in the Consolidated Action.

12. Co-Lead Counsel, after consultation with the Executive Committee, is vested by the Court with the following responsibilities and duties:

    a. To coordinate the preparation and filing of subsequent pleadings;

    b. To coordinate the briefing and argument of motions;

    c. To coordinate the initiation and conduct of discovery proceedings including, but not limited to, the preparation of joint written interrogatories and Requests for the Production of Documents;

    d. To coordinate the examination of witnesses by interrogatories and oral depositions and otherwise;

    e. To coordinate the selection of counsel to act as a spokesperson at pretrial conferences;

    f. To initiate and conduct all settlement negotiations with counsel for the defendants; and

    g. To perform such other duties as may be expressly authorized by further order of the Court.

13. Co-Lead Counsel shall have the authority to speak for the Lead Plaintiffs in matters regarding pretrial procedure and settlement negotiations. Defendants' counsel may rely

upon all agreements made with either of the Co-Lead Counsel or other duly authorized representative(s) of Lead Plaintiffs, and such agreements shall be binding on Lead Plaintiffs.

14. No motion, request for discovery, or other pretrial proceeding on behalf of Lead Plaintiffs shall be initiated or served by anyone except through Co-Lead Counsel.

15. Counsel for all parties shall call to the attention of the Clerk of the Court the filing or transfer of any potentially Related Action which might properly be consolidated as part of the Consolidated Action, and counsel shall assist in assuring that counsel in such subsequent actions receive notice of this Order.

16. The terms of this Order shall not have the effect of making any person, firm or entity a party to any action in which he, she or it has not been named, served or added as such in accordance with the Federal Rules of Civil Procedure. The terms of this Order shall not constitute a waiver by any party of claims or defenses to any action.

Dated: April 1, 2015

*/s/ William N. Riley*
**PRICE WAICUKAUSKI & RILEY, LLC**
William N. Riley
James A. Piatt
Hammond Block Building
301 Massachusetts Avenue
Indianapolis, IN 46204
Tel: 317-633-8787
Fax: 317-633-8797
Email: wriley@price-law.com
       jpiatt@price-law.com

*Attorneys for Plaintiffs*

*/s/ Juan E. Monteverde*
**FARUQI & FARUQI, LLP**
Juan E. Monteverde
Miles D. Schreiner

369 Lexington Ave., Tenth Floor
New York, NY 10017
Tel: 212-983-9330
Fax: 212-983-9331
Email: jmonteverde@faruqilaw.com
   mschreiner@faruqilaw.com

*Attorneys for Plaintiff William McGill*


*/s/ Stephen J. Oddo*
**ROBBINS ARROYO LLP**
Brian J. Robbins
Stephen J. Oddo
Edward B. Gerard
Justin D. Rieger
600 B Street, Suite 1900
San Diego, CA 92101
Tel: (619) 525-3990
Fax: (619) 525-3991

*Attorneys for Plaintiff Jesse Mallinger*


*/s/ Brian D. Long*
**RIGRODSKY & LONG, P.A.**
Seth D. Rigrodsky
Brian D. Long
Gina M. Serra
Jeremy J. Riley
2 Righter Parkway, Suite 120
Wilmington, DE 19803
Tel: (302) 295-5310

**RYAN & MANISKAS, LLP**
Richard A. Maniskas
995 Old Eagle School Road, Suite 311
Wayne, PA 19087
Tel: (484) 588-5516

*Attorneys for Plaintiff The George Leon Family Trust*

*/s/ Michael J. Palestina*
**KAHN SWICK & FOTI, LLC**
Kim E. Miller, Esq.
250 Park Avenue, Suite 2040
New York, NY 10177
Tel: (212) 696-3730
Fax: (504) 455-1498
Email: Kim.Miller@ksfcounsel.com

Michael J. Palestina, Esq.
206 Covington Street
Madisonville, LA 70447
Tel.: (504) 455-1400
Fax: (504) 455-1498
Email: Michael.Palestina@ksfcounsel.com

*Attorneys for Plaintiff Stephen Ballweber*


*/s/ Shannon L. Hopkins*
**LEVI & KORSINSKY, LLP**
Shannon L. Hopkins
Sebastiano Tornatore
733 Summer Street, Suite 304
Stamford, CT 06901
Tel: (212) 363-7500
Fax: (866) 367-6510

*Attorneys for Plaintiff Hopper Family Trust*


*/s/ Anne N. DePrez*
**BARNES & THORNBURG LLP**
Anne N. DePrez
11 South Meridian Street
Indianapolis, IN 46204-3535
Tel: 317-231-7264
Fax: 317-231-7433
Email: anne.deprez@btlaw.com

**OF COUNSEL**

**JONES DAY**
Robert S. Faxon
Adrienne Ferraro Mueller
901 Lakeside Avenue

Cleveland, OH 44114-1190
Tel: 216-586-7104
Fax: 216-579-0212
Email: rfaxon@jonesday.com
afmueller@jonesday.com

*Attorneys for Defendants Exelis Inc., Ralph Hake, David F. Melcher, John J. Hamre, Paul J. Kern, Herman E. Bulls, Patrick Moore, Mark L. Reuss, R. David Yost, and Billie I. Williamson*

/s/ Richard A. Kempf
**TAFT STETTINIUS & HOLLISTER LLP**
Richard A. Kempf
One Indiana Square, Suite 3500
Indianapolis, IN 46204-2023
Tel: 317-713-3500
Fax: 317-713-3699

**OF COUNSEL**

**SULLIVAN & CROMWELL, LLP**
John L. Hardiman
Christen M. Martosella
125 Broad Street
New York, NY 10004-2498
Tel: 212-558-4000
Fax: 212-558-3588

*Attorneys for Defendants Harris Corporation and Harris Communication Solutions (Indiana), Inc.*

**SO ORDERED**

Dated: _____, 2015      _____
 Indianapolis, Indiana                United States District Judge