UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLIAM McGILL, Individually and on Behalf of All Others Similarly Situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>)   Case 1:15-cv-00217-TWP-DKL |
| RALPH HAKE, DAVID F. MELCHER, JOHN J. HAMRE, PAUL J. KERN, HERMAN E. BULLS, PATRICK MOORE, MARK L. REUSS, ROBERT DAVID YOST, BILLIE I. WILLIAMSON, HARRIS CORPORATION, and HARRIS COMMUNICATION SOLUTIONS (INDIANA), INC., | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**[PROPOSED] SCHEDULING ORDER AND
<u>ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENT</u>**

The parties to the above captioned action, including any action consolidated therein, have applied pursuant to Federal Rule of Civil Procedure 23(e) for an order preliminarily approving the proposed settlement of the Action in accordance with the Stipulation and Agreement of Compromise, Settlement, and Release entered into by the parties on October 22, 2015 (the "Stipulation" or "Settlement"), upon the terms and conditions set forth in the Stipulation.[1] The Stipulation (a copy of which was filed with the Court) contemplates certification by this Court of a class in the Action, solely for the purposes of settlement. The Court, having read and

---

[1] The Court adopts and incorporates the definitions in the Stipulation to define capitalized terms not otherwise defined in this Order.

considered the Stipulation and accompanying documents, and all parties having consented to the entry of this Order,

NOW, THEREFORE, this ____ day of _____, 2015, upon application of the parties, **IT IS HEREBY ORDERED** that:

1.  Solely for purposes of the Settlement, the Action shall be preliminarily certified and maintained as a non-opt-out class action, pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(1), and 23(b)(2), on behalf of a class that includes any and all record and beneficial holders of Exelis common stock, their respective successors in interest, successors, predecessors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns, or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, together with their predecessors and successors and assigns, who held Exelis common stock at any time between and including September 17, 2014 and May 29, 2015 (the effective date of the Merger) ("Class Period"), but excluding Defendants, their subsidiaries or other affiliates, their assigns, members of their immediate families, officers of Exelis, and the legal representatives, heirs, successors, or assigns of any such excluded person (the "Class").

2.  The Court preliminary concludes, based on the information submitted to date, that each of the provisions of Federal Rule of Civil Procedure 23 has been satisfied, and the Action can properly be maintained for settlement purposes according to the provisions of Federal Rules of Civil Procedure 23(a), 23(b)(1), and 23(b)(2). Specifically, this Court finds that (a) the Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of Lead Plaintiffs as representative plaintiffs are typical of the claims of the Class; (d) the Lead Plaintiffs and their counsel have fairly and adequately

protected and represented the interests of the Class; (e) prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudications that would establish inconsistent standards of conduct for the Defendants; and (f) Defendants have acted on grounds that generally apply to the Class.

3. The proposed Settlement, as embodied in the Stipulation and the exhibits attached thereto, is preliminarily approved as fair, reasonable, adequate, and in the best interests of the Class, pending a final hearing on the proposed Settlement as provided herein.

4. A hearing (the "Settlement Hearing") shall be held no earlier than 90 days from the entry of this Order in the United States District Court for the District of Southern Indiana, Birch Bayh Federal Building and United States Courthouse 46 East Ohio Street, Indianapolis, IN 46204, to:

    a. Determine whether the preliminary certifications herein should be made final;

    b. Determine whether the Settlement should be finally approved by the Court as fair, reasonable, adequate, and in the best interests of the Class;

    c. Determine whether a final order and final judgment (in the form attached to the Stipulation as **Exhibit D** ("Order and Final Judgment"), or otherwise) should be entered in the Action pursuant to the Stipulation;

    d. Hear and determine any objections to the Settlement or the application of Lead Counsel in the Action for an award of attorneys' fees and expenses; and

    e. Consider the joint application of Lead Plaintiffs and Lead Counsel for an award of attorneys' fees and expenses.

5. The Court reserves the right to adjourn the Settlement Hearing or any adjournment thereof, including the consideration of the application for attorneys' fees, without further notice of any kind other than oral announcement at the Settlement Hearing or any adjournment thereof.

6. The Court reserves the right to approve the Settlement at or after the Settlement Hearing with such modification(s) as may be consented to by the parties to the Stipulation and without further notice to the Class.

7. At least sixty (60) days prior to the Settlement Hearing, Exelis shall cause a Notice of Pendency of Class Action, Proposed Class Action Determination, Proposed Settlement of Class Action and Settlement Hearing, and Right to Appear (the "Notice"), substantially in the form annexed as **Exhibit C** to the Stipulation, to be mailed by United States mail, postage pre-paid, to all reasonably identifiable members of the Class at their last known addresses set forth in the stock transfer records maintained by or on behalf of Exelis. All record holders in the Class who were not also the beneficial owners of the shares of common stock of Exelis held by them of record are requested to forward the Notice to such beneficial owners of those shares. Exelis shall use reasonable efforts to give notice to such beneficial owners by (a) making additional copies of the Notice available to any record holder who, prior to the Settlement Hearing, requests copies for distribution to beneficial owners, or (b) mailing additional copies of the Notice to beneficial owners as reasonably requested by record holders who provide names and addresses for such beneficial holders. Exelis shall be responsible for and shall pay all costs and expenses incurred in providing such Notice to the members of the Class.

8. The form and method of notice specified herein is the best notice practicable and shall constitute due and sufficient notice of the Settlement Hearing to all persons entitled to receive such notice, and fully satisfies the requirements of due process, Federal Rule of Civil Procedure 23, and applicable law. Counsel for Exelis shall, at least ten (10) days prior to the date of the Settlement Hearing directed herein, file with the Court proof of mailing of the Notice.

9. At least ten (10) days prior to the date of the Settlement Hearing, Defendants shall file with the Court proof of mailing of a notice pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711 *et seq*. (the "CAFA Notice").

10. At least twenty-eight (28) days prior to the Settlement Hearing, Co-Lead Plaintiffs shall file with the Court their motion for final approval of the Settlement and application for any award of attorneys' fees and expenses.

11. All proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of this Court. Pending final determination of whether the Settlement should be approved, Lead Plaintiffs, Lead Counsel, all members of the Class, and each of them, and any of their respective representatives, trustees, successors, heirs, and assigns, are barred and enjoined, without the necessity of Defendants posting bond, from asserting, commencing, prosecuting, assisting, instigating, continuing, or in any way participating in the commencement or prosecution of any action, whether directly, representatively, derivatively, or in any other capacity, asserting any claims that are, or relate in any way to, the Released Claims against any Released Persons.

12. Any member of the Class who objects to the Settlement, the Order and Final Judgment to be entered in the Action, and/or the joint application by Lead Plaintiffs and Lead Counsel for attorneys' fees and expenses, or who otherwise wishes to be heard, may appear in person or by his or her attorney at the Settlement Hearing at the Class member's expense and present evidence or argument that may be proper and relevant; <u>provided</u>, however, that except for good cause shown, no person other than Lead Counsel and counsel for the Defendants shall be heard, and no papers, briefs, pleadings, or other documents submitted by any member of the

Class shall be considered by the Court, unless not later than ten (10) calendar days prior to the Settlement Hearing (a) a written notice of intention to appear; (b) proof of membership in the Class; (c) a detailed statement of the objections by the member of the Class to any matters before the Court; and (d) the grounds therefor or the reasons why such member of the Class desires to appear and be heard, as well as all documents or writings such person desires the Court to consider, are filed by such person with the Court, and, on or before such filing, are served by regular U.S. mail, postage prepaid, on the following counsel of record:

>Stephen J. Oddo
>ROBBINS ARROYO LLP
>600 B Street, Suite 1900
>San Diego, CA 92101
>***Attorneys for Lead Plaintiff Jesse Mallinger and Lead Counsel***

>Juan E. Monteverde
>FARUQI & FARUQI, LLP
>369 Lexington Ave., Tenth Floor
>New York, NY  10017
>***Attorneys for Lead Plaintiff William McGill and Lead Counsel***

>Adrienne Ferraro Mueller
>JONES DAY
>901 Lakeside Avenue
>Cleveland, OH  44114-1190
>***Attorneys for Exelis Defendants***

>John L. Hardiman
>SULLIVAN & CROMWELL, LLP
>125 Broad Street
>New York, NY  10004-2498
>***Attorneys for Harris Defendants***

13.   Any member of the Class who fails to object in the manner described above shall be deemed to have waived the right to object (including any right of appeal) and shall be forever barred from raising such objection in this or any other action or proceeding.

14. The Stipulation and any negotiations, statements, or proceedings in connection therewith, shall not be construed or deemed evidence of, a presumption, concession, or admission by any Released Person or any other person of any fault, liability, or wrongdoing as to any facts or claims alleged or asserted in the Action or otherwise, or that Lead Plaintiffs or Lead Counsel, the Class, or any present or former stockholders of Exelis, or any other person, has any infirmity in their claims against Defendants or has suffered any damage attributable in any manner to any Released Person. The existence of the Stipulation, its contents, and any negotiations, statements, or proceedings in connection therewith, shall not be offered or admitted into evidence or referred to, interpreted, construed, invoked, or otherwise used by any person for any purpose in the Action or otherwise, except as may be necessary to enforce or obtain Court approval of the Settlement. Notwithstanding the foregoing, any of the Released Persons may file the Stipulation, or any judgment or order of the Court related hereto, in any other action that may be brought against them, in order to support any and all defenses or counterclaims based on res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion, or similar defense or counterclaim.

15. If the Settlement is approved by the Court following the Settlement Hearing, an Order and Final Judgment will be entered as described in the Stipulation.

16. If the Settlement, including any amendment made in accordance with the Stipulation, is not approved by the Court or shall not become effective for any reason whatsoever, the Settlement (including any modification thereof made with the consent of the parties as provided for in the Stipulation), and preliminary certifications herein and any actions taken or to be taken in connection therewith (including this Order and any judgment entered herein) shall be terminated and shall become void and of no further force and effect, except for

Exelis' obligation to pay for any expenses incurred in connection with the Notice, CAFA Notice, and administration provided for by this Scheduling Order. In that event, neither the Stipulation, nor any provision contained in the Stipulation, nor any action undertaken pursuant thereto, nor the negotiation thereof by any party shall be deemed an admission or received as evidence in this or any other action or proceeding.

17. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to members of the Class.

18. This matter is set for Settlement Hearing on _____ at _____m. in Courtroom 344, Birch Bayh Federal Building and United States Courthouse, Indianapolis, Indiana.

Date: _____

_____
The Honorable Tanya Walton Pratt
United States District Court Judge

Copies to:
Distribution to all registered counsel by CM/ECF.