UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLIAM McGILL, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>RALPH HAKE, DAVID F. MELCHER, JOHN J. HAMRE, PAUL J. KERN, HERMAN E. BULLS, PATRICK MOORE, MARK L. REUSS, ROBERT DAVID YOST, BILLIE I. WILLIAMSON, HARRIS CORPORATION, and HARRIS COMMUNICATION SOLUTIONS (INDIANA), INC.,<br><br>    Defendants. | Case 1:15-cv-00217-TWP-DKL |

## ORDER AND FINAL JUDGMENT

Pursuant to the Court's Order of October 26, 2015 (the "Scheduling and Preliminary Approval Order"), this Court held a hearing on February 16, 2016 ("Settlement Hearing"), on the Stipulation and Agreement of Compromise, Settlement, and Release (the "Stipulation" or "Settlement"), which was filed on October 23, 2015, in the action captioned above (the "Action," including any action consolidated therein). The Scheduling and Preliminary Approval Order and the Stipulation were joined and consented to by all the parties to the Action and are incorporated by reference in this Order and Final Judgment. Due notice of the Settlement Hearing was given to the Class, as defined in paragraph 4 below, (the "Class"), in accordance with the Scheduling and Preliminary Approval Order, and the notice was adequate and sufficient. The parties to the Action appeared at the Settlement Hearing by their respective attorneys of record and were heard in support of the Settlement of the Action. All other persons desiring to be heard who properly

and timely filed and served objections and/or notices of intent to appear were given an opportunity to be heard as provided in the notice. The entire matter of the Settlement having been considered by the Court,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED**, this ___ day of _____, 2016, as follows:

1.  Unless otherwise defined in this Order and Final Judgment, all capitalized terms shall have the meanings set forth in the Stipulation.

2.  The Notice of Pendency of Class Action, Proposed Class Action Determination, Proposed Settlement of Class Action, Settlement Hearing, and Right to Appear concerning the Action (the "Notice") has been given to the Class pursuant to and in the manner directed by the Scheduling and Preliminary Approval Order. Proof of the mailing of the Notice was filed with the Court, and a full opportunity to be heard has been afforded to all parties to the Action, the Class, and other persons interested in the Settlement. The Court hereby determines that the form and manner of the Notice provided the best notice practicable under the circumstances and were given in full compliance with each of the requirements of Federal Rule of Civil Procedure 23, due process, and applicable law. The Court further determines that all members of the Class are bound by this Order and Final Judgment. Defendants further caused to be served on the United States Attorney General and all State Attorneys General the notice of the proposed Settlement pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711 *et seq*. (the "CAFA"), and the form and manner of that notice is hereby determined to be in full compliance with CAFA.

3.  Based on the record in the Action, the Court finds that each of the provisions of Federal Rule of Civil Procedure 23 has been satisfied, and that the Action has been properly maintained according to the provisions of Federal Rules of Civil Procedure 23(a), 23(b)(1), and

23(b)(2). Specifically, this Court finds that (a) the Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of Lead Plaintiffs (as defined below) as representative plaintiffs are typical of the claims of the Class; (d) the Lead Plaintiffs and their counsel have fairly and adequately protected and represented the interests of the Class; (e) prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudications that would establish inconsistent standards of conduct for the Defendants; and (f) Defendants have acted on grounds that generally apply to the Class.

4. The Action is hereby finally certified as a non-opt-out class action, pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(1), and 23(b)(2), on behalf of a class that includes any and all record and beneficial holders of Exelis common stock, their respective successors in interest, successors, predecessors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns, or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, together with their predecessors and successors and assigns, who held Exelis common stock at any time between and including September 17, 2014 and May 29, 2015 (the effective date of the Merger) ("Class Period"), but excluding Defendants, their subsidiaries or other affiliates, their assigns, members of their immediate families, officers of Exelis, and the legal representatives, heirs, successors, or assigns of any such excluded person (the "Class"). Further, the plaintiffs William McGill and Jesse Mallinger, as representatives of the Class (the "Lead Plaintiffs"), are finally certified as Class representatives. The law firms of Faruqi & Faruqi, LP and Robbins Arroyo LLP are finally certified as lead counsel to the Lead Plaintiffs in the Action ("Lead Counsel").

5. The Settlement is found to be fair, reasonable, adequate, and in the best interests of the Class, and is hereby approved pursuant to Federal Rule of Civil Procedure 23(e). The parties to the Stipulation are hereby authorized and directed to comply with and to consummate the Settlement in accordance with its terms and provisions, and the Clerk is directed to enter and docket this Order and Final Judgment in the Action.

6. This Court has jurisdiction over the subject matter of the Action, including all matters necessary to effectuate the Settlement and this Order and Final Judgment and over all parties to the Action.

7. The Action and the claims asserted therein are hereby dismissed on the merits with prejudice as to all Defendants in the Action and against all members of the Class and, except as provided in the Stipulation and in paragraph 13, below, without fees or costs.

8. Any and all manner of claims, demands, rights, liabilities, losses, obligations, duties, damages, costs, debts, expenses, interest, penalties, sanctions, fees, attorneys' fees, actions, potential actions, causes of action, suits, agreements, judgments, decrees, matters, issues and controversies of any kind, nature, or description whatsoever, whether known or unknown, disclosed or undisclosed, accrued or unaccrued, apparent or not apparent, foreseen or unforeseen, matured or not matured, suspected or unsuspected, liquidated or not liquidated, fixed or contingent, including Unknown Claims (as defined in paragraph 11, below), that any or all Plaintiffs or any or all members of the Class ever had, now have, or may have, or otherwise could, can, or might assert, whether direct, derivative, individual, class, representative, legal, equitable, or of any other type or in any other capacity, against any of the Released Parties (as defined in paragraph 9, below), whether based on state, local, foreign, federal, statutory, regulatory, common, or other law or rule, which, now or hereafter, are based upon, arise out of,

4

relate in any way to, or involve, directly or indirectly, any of the actions, transactions, occurrences, statements, representations, misrepresentations, omissions, allegations, facts, practices, events, claims or any other matters, things or causes whatsoever, or any series thereof, that were, could have been, or in the future can or might be alleged, asserted, set forth, claimed, embraced, involved, or referred to in, or related to, directly or indirectly, in the Action, including, without limitation, any and all claims that are based upon, arise out of, relate in any way to, or involve, directly or indirectly, (i) the Merger or the Merger Agreement, (ii) any actions, deliberations, or negotiations in connection with the Merger or the Merger Agreement, including the process of deliberation or negotiation by each of Exelis and Harris and any of their respective officers, directors, or advisors, (iii) the consideration to be received by Exelis shareholders in connection with the Merger, (iv) the Form S-4, including amendments thereto, and any other disclosures, public filings, periodic reports, press releases, registration statements, proxy statements (including the Definitive Proxy Statement), or other statements issued, made available or filed relating, directly or indirectly, to the Merger or the Merger Agreement, (v) the fiduciary obligations of the Released Parties in connection with the Merger, or (vi) the fees, expenses, or costs incurred in prosecuting, defending, or settling the Action (each a "Released Claim" and collectively the "Released Claims"), shall be individually and collectively, completely, fully, finally, and forever settled, released, discharged, dismissed with prejudice, and permanently enjoined; provided, however, that the Released Claims shall not extend to any: (i) claims by the parties to enforce the terms of the Stipulation or the Settlement, or (ii) claims under the federal securities laws that do not in any respect arise out of or relate in any manner to, the acts, events, facts, matters, transactions, occurrences, statements, or representations, or any other matter whatsoever set forth in or otherwise related, directly or indirectly, to the allegations in the

5

Action, the complaints, the Merger Agreement, the transactions contemplated therein, the Form S-4 (including all amendments thereto), Definitive Proxy Statement, the disclosures made in connection therewith (including the adequacy and completeness of such disclosures), the Form 8-K, or the Supplemental Disclosures.

9. For purposes of this Order and Final Judgment, each of following persons or entities is a "Released Party," and collectively, they are "Released Parties": (i) Exelis, Ralph Hake, David F. Melcher, John J. Hamre, Paul J. Kern, Herman E. Bulls, Patrick Moore, Mark L. Reuss, R. David Yost, Billie I. Williamson, Harris Corporation, and Harris Communication Solutions (Indiana), Inc.; (ii) any person or entity that is, was, or will be related to or affiliated with any of the persons or parties referred to in the preceding clause or in which any such person or party has, had, or will have a controlling interest; and (iii) the respective past, present or future insurers, reinsurers, family members, spouses, and heirs, as well as the respective past or present trusts, trustees, executors, estates, administrators, beneficiaries, distributees, foundations, agents, employees, fiduciaries, partners, partnerships, general or limited partners or partnerships, joint ventures, member firms, limited liability companies, corporations, parents, subsidiaries, divisions, affiliates, associated entities, shareholders, shareholders, principals, officers, directors, managing directors, members, managing members, managing agents, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns, financial or investment advisors, advisors, consultants, investment bankers, entities providing any fairness opinion, underwriters, brokers, dealers, lenders, commercial bankers, attorneys, personal or legal representatives, accountants, and associates, of any of the persons or parties referred to in the preceding clauses (i) and (ii).

10. All claims (including Unknown Claims, as defined in paragraph 11, below) arising out of or relating to the filing and prosecution of the Action that Defendants, or any of them, and including any

and all of their respective successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns, or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under any of them, and each of them, ever had, now have, or may have, against Plaintiffs, the Class, and Plaintiffs' counsel, or any of them, shall be individually and collectively, completely, fully, finally, and forever settled, released, and discharged; <u>provided</u>, <u>however</u>, that the release shall not include the right of the Defendants to enforce the terms of the Stipulation and the Settlement.

11. The releases extend to claims that the person granting the release ("Releasing Person," including any member of the Class), does not know or suspect exists in his, her, or its favor at the time of the release of the Released Claims as against the Released Parties, including without limitation those which, if known, might have affected the decision to enter into the Settlement ("Unknown Claims"). Each Releasing Person shall be deemed to have expressly waived, relinquished, and released any and all provisions, rights, and benefits conferred by or under Cal. Civ. Code § 1542, or any law of the United States or any state of the United States or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH DEBTOR." Each Releasing Person shall be deemed to have acknowledged that they may discover facts in addition to or different from those now known or believed to be true with respect to the Released Claims, but that it is the intention of each Releasing Person to completely, fully, finally, and forever extinguish any and all Released Claims, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent

discovery of additional or different facts. The Parties to the Stipulation acknowledged, and the members of the Class by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of "Released Claims" was separately bargained for and was a key element of the Settlement and was relied upon by each and all of the Parties in entering into the Stipulation.

12. Lead Plaintiffs, Lead Counsel, and all members of the Class, and any of their respective representatives, trustees, successors, heirs, and assigns, are hereby permanently barred and enjoined from asserting, commencing, prosecuting, assisting, instigating, continuing, or in any way participating in the commencement or prosecution of any action, whether directly, representatively, derivatively, or in any other capacity, asserting any claims that are, or relate in any way to, the Released Claims that are released pursuant to this Order and Final Judgment or under the Stipulation.

13. Neither the Stipulation, the Settlement, this Order and Final Judgment, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack of validity of any Released Claims or any wrongdoing or liability of Defendants; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; or (c) is or may be alleged or mentioned so as to contravene clause (a) above in any litigation or other action unrelated to the enforcement of the Stipulation. Notwithstanding the foregoing, any of the Released Persons may file the Stipulation or any judgment or order of the Court related hereto, in any action that may be brought against them, in order to support any and all defenses or counterclaims based on res judicata, collateral

estoppel, release, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion, or similar defense or counterclaim.

14. Lead Counsel is hereby awarded attorneys' fees and expenses in the amount of $_____, which sum the Court finds to be fair and reasonable and which shall be paid to Lead Counsel in accordance with the terms of the Stipulation.

15. The effectiveness of the Order and Final Judgment and the obligations of Lead Plaintiffs, Lead Counsel, the Class, and the Defendants under the Settlement shall not be conditioned upon or subject to the resolution of any appeal that relates solely to the issue of Lead Counsel's application for an award of attorneys' fees and expenses.

16. The Court further orders, adjudges, and decrees that all other relief be, and is hereby, denied, and that this Order and Final Judgment disposes of all the claims as to all the parties in the Action.

_____
The Honorable Tanya Walton Pratt
United States District Court Judge